IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHENZHENSHIPOSHENKEJIFAZHANYOUXIANGONGSI, SHENZHEN COCOTOXIN TECHNOLOGY CO., SHENZHEN AISHANGHOU TRADING CO., LTD., and SHENZHEN BAIMO TRADING CO., <br><br> Plaintiffs, <br><br> v. <br><br><br> SHENZHEN ZHANPUSIDA TECHNOLOGY CO., LTD. <br><br> Defendant. | Civil Action No. 2:25-CV-2027 <br><br> **JURY TRIAL DEMANDED** |

**DECLARATORY JUDGMENT COMPLAINT FOR PATENT NON-INFRINGEMENT**

Plaintiffs SHENZHENSHIPOSHENKEJIFAZHANYOUXIANGONGSI d/b/a "SCATACH POWER", SHENZHEN COCOTOXIN TECHNOLOGY CO. d/b/a "GILLAWAY", SHENZHEN AISHANGHOU TRADING CO., LTD. d/b/a "AISHANGHOU POWER", and SHENZHEN BAIMO TRADING CO. d/b/a "KATOROE" (collectively "Plaintiffs") file this declaratory judgment complaint against Defendant SHENZHEN ZHANPUSIDA TECHNOLOGY CO., LTD. ("Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This action is based on the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiffs bring this civil action against Defendant to obtain declaratory judgment of non-infringement with respect to United States Patent Nos. 12,171,079 and 12,356,570 (the

"'079 Patent", the "'570 Patent", or "the Patents-in-Suit").

2. Attached hereto as **Exhibit 1** is a true and correct copy of the '079 Patent and **Exhibit 2** is a true and correct copy of the '570 Patent.

3. This action arises from an actual and justiciable case or controversy between Plaintiffs and Defendant, caused by Defendant's patent assertion efforts based on the Patents-in-Suit targeting Plaintiffs' lawful activities, despite the absence of any infringement of a valid patent claim and the lack of any legally warranted relief.

## THE PARTIES

4. Plaintiff SHENZHENSHIPOSHENKEJIFAZHANYOUXIANGONGSI d/b/a "SCATACH POWER" on Amazon.com ("SCATACH POWER") is a limited liability company organized and existing under the laws of the People's Republic of China with a place of business at 深圳市龙华区龙华街道龙园社区龙发路428美丽AAA商业大厦6层612A, 广东, 518100, CN.

5. Plaintiff SHENZHEN COCOTOXIN TECHNOLOGY CO. d/b/a "GILLAWAY" on Amazon.com ("GILLAWAY") is a limited liability company organized and existing under the laws of the People's Republic of China with a place of business at 龙华区龙华街道龙园社区龙发路428美丽AAA商业大厦6层612C, 深圳市, 广东, 518109, CN.

6. Plaintiff SHENZHEN AISHANGHOU TRADING CO., LTD. d/b/a "AISHANGHOU POWER" is a limited liability company organized and existing under the laws of the People's Republic of China with a place of business at 深圳市龙岗区坂田街道岗头社区天安云谷产业园二期4栋1804-1, 4栋1804-1, 广东省, 51800, CN.

7. Plaintiff SHENZHEN BAIMO TRADING CO. d/b/a "KATOROE" is a limited liability company organized and existing under the laws of the People's Republic of China with a place of business at 坂田街道, 象角塘社区坂雪岗大道4088号综合楼A栋B六层602-4, 龙岗区, 深圳市, 广东, 518129, CN.

8. Upon information and belief, Defendant SHENZHEN ZHANPUSIDA TECHNOLOGY CO., LTD. is a limited liability company organized and existing under the laws of the People's Republic of China with its registered place of business at 深圳市龙岗区布吉街道布吉圩社区吉华路69号中心广场B座办公8D-B470, 广东省, 518100, CN.

## PATENTS-IN-SUIT

9. The '079 Patent, entitled "Emergency Starting Power Supply for Vehicle," was issued on December 17, 2024. Defendant is listed as both the Applicant and Assignee on the '079 Patent. The '079 Patent was issued from U.S. Patent Application No. 18/608,984 (the "'984 Application"), filed on March 19, 2024, which claims priority to the Chinese patent application with the filing No. 2023231315869 filed with the Chinese patent office on November 16, 2023.

10. The '570 Patent, entitled "Emergency Starting Power Supply for Vehicle," was issued on July 8, 2025. Defendant is listed as both the Applicant and Assignee on the '570 Patent. The '570 Patent was issued from U.S. Patent Application No. 18/932,575 (the "'575 Application"), which is a continuation of the '984 Application. Thus, the '570 Patent is a "child" patent of the '079 Patent.

11. During the prosecution of the '575 Application, on March 27, 2025, the USPTO rejected all initial claims 1-20 on the ground of non-statutory (i.e., "obviousness type") double patenting over claims 1 and 14 of the '079 Patent because "[a]lthough the claims at issue are not identical, they are not patentably distinct from each other." Subsequently, Defendant overcame the non-statutory double patenting rejection by filing a terminal disclaimer on April 28, 2025 without making any amendments to the pending claims 1-20 of the '575 Application.

## RELATED DISTRICT COURT PROCEEDING

12. On November 24, 2025, Defendant filed a patent infringement action against Plaintiffs in this judicial district captioned *Shenzhen Zhanpusida Technology Co., Ltd. v. The Individuals, Partnerships, And Unincorporated Associations Identified In Schedule A*, No. 25-cv-1826 ("Concurrent Action"). The Concurrent Action is presently pending in front of the Honorable Judge Robert J. Colville.

13. In the Concurrent Action, Defendant asserts two utility patents in the same family as the '079 Patent and the '570 Patent, namely, United States Patent Nos. 12,336,125 B2 (the "'125 Patent") and 12,336,129 B2 (the "'129 Patent").

14. Defendant's infringement allegations in the Concurrent Action are directed at the same category of products as those implicated in the present proceeding, i.e., jump starter devices for vehicles sold by Plaintiffs on the Amazon platform.

15. The '125 Patent, entitled "Emergency Starting Power Supply for Vehicle," was issued on June 17, 2025. Defendant is listed as both the Applicant and Assignee on the '125 Patent. The '125 Patent was issued from U.S. Patent Application No. 18/929,675 (the "'675

4

Application"), which is a continuation of the '984 Application. Thus, the '125 Patent is also a "child" of the '079 Patent.

16. During the prosecution of the '675 Application, on January 2, 2025, the USPTO rejected all initial claims 1-20 on the ground of non-statutory (i.e., "obviousness type") double patenting over claims 1 and 5 of the '079 Patent because "[a]lthough the claims at issue are not identical, they are not patentably distinct from each other."

17. Subsequently, Defendant overcame the non-statutory double patenting rejection by filing a terminal disclaimer on March 20, 2025 without making any amendments to the pending claims 1-20 of the '675 Application.

18. The '129 Patent, entitled "Emergency Starting Power Supply for Vehicle," was issued on June 17, 2025. Defendant is listed as both the Applicant and Assignee on the '129 Patent. The '129 Patent was issued from U.S. Patent Application No. 18/931,098 (the "'098 Application"), which is also a continuation of the '984 Application. Thus, the '129 Patent is also a "child" of the '079 Patent.

19. During the prosecution of the '098 Application, on January 16, 2025, the USPTO rejected all initial claims 1-20 on the ground of non-statutory (i.e., "obviousness type") double patenting over claims 1, 3, 10, and 15-17 of the '079 Patent because "[a]lthough the claims at issue are not identical, they are not patentably distinct from each other."

20. Subsequently, Defendant overcame the non-statutory double patenting rejection by filing a terminal disclaimer on March 20, 2025 without making any amendments to the pending claims 1-20 of the '098 Application.

21. The '079 Patent, '570 Patent, '125 Patent and '129 Patent have identical title, "Applicant," "Inventor," "Assignee," drawings and written specifications.

5

## **JURISDICTION AND VENUE**

1. This action arises under the United States Patent Act, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

2. This Court has personal jurisdiction over Defendant because this action is substantially related to and arises out of the same nucleus of operative facts as the Concurrent Action currently prosecuted by Defendant in this judicial district. For example, the '079 Patent and '570 Patent in the instant case share a common specification, title, parent application, applicant, inventor, and assignee with the '125 Patent and '129 Patent asserted by Defendant in the Concurrent Action. The USPTO already determined that the claims of the '125 Patent, the '129 Patent and the '570 Patent "are not patentably distinct" from the claims of the '079 Patent. This action and the Concurrent Action also both involve the same category of accused products, namely jump starter devices for vehicles sold by Plaintiffs on the Amazon platform. Both the Concurrent Action and Defendant's patent infringement complaints filed with Amazon are part of Defendant's patent assertion campaign against Plaintiffs based on highly related patents in the same family.

3. Alternatively, this Court has personal jurisdiction over Defendant under FRCP 4(k)(2) because Defendant not only obtained the '079 Patent and '570 Patent in the United States but also is actively enforcing those patents against Plaintiffs by submitting infringement complaints to Amazon, a U.S. based company, in an attempt to halt Plaintiffs' sales of the accused products throughout the United States.

4. Venue is proper in this judicial district because Defendant is not a resident in the United States, thus may be sued in any judicial district.

## FACTUAL BACKGROUND

### Plaintiffs' Businesses and Products

5. Plaintiffs are leading sellers in the jump starter segment on Amazon.com.

6. Plaintiffs engage in interstate commerce, including within the Commonwealth of Pennsylvania, through the sale of various products including those accused by Plaintiff of infringing at least one of the Patents-in-Suit.

7. Each Plaintiff employs extensive sales and promotion strategies to market and sell their respective jump starter products on the Amazon.com marketplace.

8. Each Plaintiff has earned substantial business and goodwill through reliable business practices and consistent delivery of quality products. Consumer reviews of Plaintiffs' Amazon stores as of December 30, 2025 indicate strong customer satisfaction: AISHANGHOUPOWER has received a lifetime average rating of 5.0 out of 5, and Scatach Power, GILLAWAY, and KATOROE have each received a lifetime average rating of 4.9 out of 5.

### Defendant's Infringement Accusations Against Plaintiffs

9. Defendant is listed as both the Applicant and Assignee on the Patents-in-suit.

10. Beginning in late October 2025, Defendant repeatedly lodged infringement complaints with Amazon.com ("Defendant's Amazon Complaints") to initiate e-commerce patent enforcement actions against Plaintiffs, with the intent to disrupt and terminate Plaintiffs' lawful commercial activities on the Amazon marketplace throughout the United States.

11. The chart below identifies each of Defendant's Amazon Complaints against Plaintiffs, the specific products targeted by each complaint identified by Amazon Standard Identification Number ("ASIN"), the asserted patent, and the corresponding Plaintiff.

| Plaintiff Affected | Plaintiff's Amazon ID | ASIN of Accused Product | Patent Asserted | Defendant's Amazon Complaint ID | Date of Amazon's Notice of Enforcement |
|---|---|---|---|---|---|
| SCATACH POWER | A474XKV3SBIZS | B0CZHR3HTD | US 12,171,079 | 18881900371 | 11/21/2025 |
| | | B0CZHR8XPH | US 12,171,079 | 18881900371 | 11/21/2025 |
| | | B0CGCRHS2Z | US 12,171,079 | 18701557911 | 10/27/2025 |
| | | B0CVVFH1VN | US 12,171,079 | 18701557911 | 10/27/2025 |
| AISHANGHOU POWER | A3CPBPBJZ02LOG | B0DJVDJ6GM | US 12,171,079 | 19064653581 | 12/11/2025 |
| | | B0DYDPK16T | US 12,356,570 | 19085532681 | 12/12/2025 |
| KATOROE | A9ETPUNNOUHT6 | B0FD2JGPGB | US 12,171,079 | 19064653581 | 12/11/2025 |
| GILLAWAY | A18KZSS0EWAYNQ | B0CCDJS5GH | US 12,171,079 | 18701557911 | 10/27/2025 |
| | | B0F8QLQ93N | US 12,171,079 | 18888319301 | 11/22/2025 |

12. Defendant strategically timed these complaints to coincide with the peak holiday sales season and deliberately targeted Plaintiffs' key revenue-generating products.

13. For Amazon sellers, removal or suppression of listings, even a few days during the holiday season results in harms far beyond the immediate loss of sales and the incurrence of ongoing storage and inventory-holding costs. Under Amazon's algorithm-driven marketplace, products that are delisted or suppressed, especially during the critical holiday sales period, lose sales velocity, ranking, and competitive positioning within their respective product segments. Even if listings are later reinstated, they rarely recover their prior ranking or market visibility without substantial additional time and disproportionately increased advertising and promotional expenditures.

14. Two of Defendant's Amazon Complaints, identified by Complaint IDs 18881900371 and 18888319301, directly resulted in Amazon's removal and/or suspension of the respective Plaintiff's accused product listings. The removal notices received by Plaintiffs were cursory and provided no infringement analysis or patent claim chart; instead, Amazon merely stated: "We removed some of your listings because we received a report from a rights owner alleging they may infringe upon their patent."

8

15. Pursuant to Amazon's notices, in order to reactivate the removed listings, the affected Plaintiffs must either (1) obtain a court order permitting the continued sale of the accused products identified in the deactivation notice; (2) submit a non-infringement opinion from legal counsel; or (3) reach a settlement with the purported rights holder, followed by withdrawal of the complaints.

16. Defendant's remaining Amazon Complaints, identified by Complaint IDs 18701557911, 19064653581, and 19085532681, directly resulted in Amazon's removal and/or suspension of the respective Plaintiff's accused product listings and further required the respective Plaintiffs to participate in Amazon Patent Evaluation Express ("APEX") program.

17. Specifically, in Complaint IDs 18701557911 and 19064653581, Defendant premised its infringement assertion and APEX evaluation request on Claim 1 of the '079 Patent; and in Complaint ID19085532681, Defendant premised its infringement assertion and APEX evaluation request on Claim 1 of the '570 Patent. Like the other infringement notices, the APEX initiation notices sent to Plaintiffs were cursory and contained no infringement analysis or patent claim chart. Instead, the basis for initiating the APEX was merely "We received a report from a patent owner who believes the items listed at the end of this email infringe their U.S. Patent []."

18. Upon information and belief, APEX is a utility patent enforcement program operated by Amazon that permits purported utility patent holders to submit patent infringement assertions directly to Amazon for review by a neutral evaluator, without judicial adjudication.

19. Upon information and belief, under the APEX process, the patent holder submit a request for APEX by identifying the accused products by ASIN and asserting that such products infringe its patent. If Amazon approves the initiation of APEX, it notifies the accused sellers of the infringement allegations and ask them to participate in the evaluation.

20. To participate in APEX, each accused seller must pay a $4,000 evaluation fee. Amazon will then appoint a neutral patent evaluator to review briefing submitted by the parties. The APEX determination decides whether the accused product listings are covered by the asserted patent and, in turn, whether the listings may remain available for sale on Amazon or will be removed from the marketplace.

21. Upon receiving notice of an APEX initiation, an accused seller is presented with limited alternatives, including attempting to settle the dispute directly with the purported patent holder or filing a declaratory judgment action in a federal district court.

22. Because neither the submission of a non-infringement opinion nor participation in the APEX process provides assurance that Defendant will cease misusing Amazon's enforcement mechanisms to interfere with Plaintiffs' lawful business activities, Plaintiffs seek relief from this Court to protect their rights and to prevent Defendant from further intentionally abusing Amazon's marketplace enforcement procedures.

## COUNT I

## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT

## (UNITED STATES PATENT NO. 12,171,079)

23. Plaintiffs repeat and reallege each allegation above as if fully set forth herein.

24. Plaintiffs have not been making, using, selling, offering to sell, or importing any product that contains each and every element and limitation of any valid claim of the '079 Patent.

25. Plaintiffs have not infringed, directly or indirectly, any valid claim of the '079 Patent either literally or via the doctrine of equivalents.

26. Defendant has alleged and continues to allege that jump starter products sold by Plaintiffs within the United States infringe the '079 Patent.

27. Defendant's patent infringement allegations regarding the '079 Patent have caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.

28. Plaintiffs are entitled to declaratory judgment adjudicating that the '079 Patent is not infringed by Plaintiffs and enjoining Defendant from continuing its patent assertion campaign against Plaintiffs in the United States.

29. An actual case or controversy exists between Plaintiffs and Defendant based on Defendant's wrongful assertion of patent infringement against Plaintiffs, forming a justiciable controversy between the parties that is ripe for determination as to the '079 Patent.

30. Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to the attorneys' fees and costs incurred in this action to vindicate their legal rights and to restore their ability to compete fairly.

## COUNT II

## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT
## (UNITED STATES PATENT NO. 12,356,570)

31. Plaintiffs repeat and reallege each allegation above as if fully set forth herein.

32. Plaintiffs have not been making, using, selling, offering to sell, or importing any product that contains each and every element and limitation of any valid claim of the '570 Patent.

33. Plaintiffs have not infringed, directly or indirectly, any valid claim of the '570 Patent either literally or via the doctrine of equivalents.

34. Defendant has alleged and continues to allege that jump starter products sold by Plaintiffs within the United States infringe the '570 Patent.

35. Defendant's patent infringement allegations regarding the '570 Patent have caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.

36. Plaintiffs are entitled to declaratory judgment adjudicating that the '570 Patent is not infringed by Plaintiffs and enjoining Defendant from continuing its patent assertion campaign against Plaintiffs in the United States.

37. An actual case or controversy exists between Plaintiffs and Defendant based on Defendant's wrongful assertion of patent infringement against Plaintiffs, forming a justiciable controversy between the parties that is ripe for determination as to the '570 Patent.

38. Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to the attorneys' fees and costs incurred in this action to vindicate their legal rights and to restore their ability to compete fairly.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

1. Declaratory judgment that each Plaintiff does not and has not ever infringed the Patents-in-suit.

2. An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("Enjoined Parties") as follows:

    a. restraining and enjoining, preliminarily and permanently, any assertion of the Patents-in-suit against each and any of Plaintiffs; and

    b. requiring that Defendant provide written notice of the injunction to all enjoined parties.

    c. requiring that Defendant provide written notice of the injunction to Amazon and request Amazon to reinstate of all affected products due to Defendants' Amazon Complaints.

3. Judgment that this case is exceptional under 35 U.S.C. § 285 based on Defendant's conduct.

4. Judgment awarding Plaintiffs their attorneys' fees and costs incurred in this action to vindicate their legal rights and to restore their ability to compete fairly.

5. That Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues so triable.

Respectfully submitted,

Dated: December 31, 2025

*/s/ Zheng Gong*
Zheng Gong

13

(*pro hac vice* forthcoming)
Primary Bar No: IL 6323959
**ShinyRise PLLC**
1 East Erie St., Suite 525-5203
Chicago, IL 60611
Email: zheng.gong@shinyrise.com
Phone: 312-612-0288

*Counsel for Plaintiffs*